## THOMSON *vs.* BROTHERS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

If a plaintiff introduce evidence to prove a particular fact, he cannot afterwards object to the introduction of evidence by the defendant, to disprove it.

If a question arise as to the kind of a roof required by the contract for constructing a house, and on which the contract is silent, evidence *aliunde* to explain it, is admissible.

*McMillen,* for appellant:

1. The judge erred in refusing to hear testimony on the disparity of price in raising the walls, and that necessary to widen the foundation.

2. Also in refusing to hear testimony of an architect, as to the price paid for erecting the houses described in plaintiff's contract, in order to preclude the supposition, that the shed-roof was contemplated in said contract.

3. There is error in the judgment, in not allowing defendant's claim filed, amounting to the sum of one hundred and thirty dollars.

4. Defendant was not liable for rent, for not delivering the houses sooner, as he was not paid for building the same, by plaintiff's own showing, until long after they were delivered; therefore, he was never in delay, and there is no proof of his having been in delay in finishing them. Ten dollars per month should have been deducted from rent of premises, which defendant occupied, on account of the destruction of a work shop.

*Roselius*, contra.

1. The decision of this cause, depends merely upon questions of fact, on which the verdict of the jury is entitled to great weight.

2. The defendant had no right to charge for extra work, because he has not shown that any work not included in the contract, was performed by him, in compliance with the wish of the defendant. In fact, no extra work is proved to have been done. *C. C. art.* 2734.

The facts are stated in the opinion of the Court delivered by Martin, J.

The defendant and appellant complains, that the first judge erred in refusing him leave to prove, that there was a great difference in the expense and labor in raising the walls of the plaintiff's houses, beyond the original height, and which would have attended the widening the foundation to the width stated in the contract. The proof was intended to counteract the assertion of one of the plaintiff's witnesses, that the increased height of the wall, was a proper offset to the diminution in

width of the foundation. The defendant further contends,
that the judge erred in refusing to allow him to establish by
the testimony of an architect, that the price paid for certain
buildings, described in the contract annexed to the petition,
was so low, that it precluded the idea; that the making shed-
roofs, which were alleged to be an extra work, and for which
compensation was claimed, was contemplated by the parties.

On the first point, the testimony was objected to, on the
ground that the defendant, who claimed an allowance for the
raising of the walls, as an extra work, had not shown that it
was done at the plaintiff's request. We are of opinion, that *If a plaintiff introduce evidence*
as the plaintiff had introduced evidence on this part of the *to prove a particular fact, he cannot*
case, he could not object to the defendant's attempt to diminish *afterwards object to the introduction of evidence*
or destroy it, and the judge erred in denying leave to the *by the defendant, to disprove it.*
defendant to do the like.

On the second point, the introduction of the testimony was
refused, on the ground that it was impertinent to the issue, as
the contract spoke for itself. The defendant claimed pay-
ment for the shed roofs, as an extra work; the plaintiff con-
tended they were included in the work the defendant had
undertaken to do for a certain sum. It is contended by the
plaintiff's counsel, that this was an attempt to introduce testi-
monial proof *beyond* what is contained in the act, which the
*Civil Code*, 2256, prohibits. This, in our opinion, was merely
an attempt to cause a *latent* ambiguity to disappear. Whether
the house was to have shed roofs or not, is a matter on which
the contract was absolutely silent, evidence was therefore to
be sought *aliunde.* If a house let or leased on a given rent, *If a question arise as to the kind*
without stating whether it be a monthly or yearly one, parol *of a roof required by the contract*
evidence is certainly admissible, to establish that the rate of *for constructing a house, and on*
the rent manifests, that the parties contemplated a yearly one. *which the contract is silent, evidence aliunde to explain it, is admissible.*

It is, therefore, ordered, adjudged, and decreed, that the
judgment of the Parish Court be annulled, avoided, and
reversed, the verdict set aside, and the case remanded, with
directions to the judge, not to refuse leave to the defendant,
to introduce the evidence, of the rejection of which, he com-
plains: the plaintiff and appellee paying costs in this court.